**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1786

JOHN KEATON,

Plaintiff - Appellant,

versus

J.F. ALLEN COMPANY, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge.  (CA-03-16)

Argued:  May 24, 2005                    Decided:  June 23, 2005

Before WILKINS, Chief Judge, and NIEMEYER and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Frank P. Bush, Jr., Elkins, West Virginia, for Appellant. Matthew Scott Criswell, KAY, CASTO & CHANEY, Charleston, West Virginia, for Appellee.  **ON BRIEF:** Constance H. Weber, KAY, CASTO & CHANEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John C. Keaton appeals from the summary judgment entered in favor of his former employer, J.F. Allen Company, Inc. ("J.F. Allen"). Finding no reversible error, we affirm.

J.F. Allen laid off Keaton, who was then 61 years old, in September 2001 because of slow business. In November 2001, Keaton suffered a heart attack and, consequently, began a rehabilitation regimen. J.F. Allen asked Keaton in February 2002 to return to work, but he declined because of health problems. In May 2002, Keaton filed a Report of Occupational Hearing Loss with the West Virginia Workers' Compensation Division. In January 2003, Keaton was awarded social security disability benefits retroactive to the date of his September 2001 lay-off.

Keaton filed this action against J.F. Allen in West Virginia state court asserting claims for age discrimination under the Age Discrimination in Employment Act ("ADEA") and the West Virginia Human Rights Act ("WVHRA"); wrongful discharge under W.Va. Code § 23-5A-3, which prohibits an employer from discharging an employee because the employee is receiving (or is eligible to receive) temporary disability benefits; and wrongful discharge in violation of state public policy. Generally, Keaton's theory of the case is that J.F. Allen did not lay him off but, instead, terminated him in order to avoid paying for his health care costs.

J.F. Allen removed the case from state court and thereafter moved for summary judgment on all of Keaton's claims on numerous grounds. Among the grounds advanced in support of its motion, J.F. Allen argued that Keaton's ADEA claim fails as a matter of law based on his failure to exhaust administrative remedies, J.A. 19-20; his age discrimination and public policy claims fail as a matter of law based on his failure to establish that the stated reason for the lay-off is pretextual, J.A. 27, 63; and his § 23-5A-3 claim fails as a matter of law based on his failure to establish a prima facie case, J.A. 28-32, 63-65. Without elaboration, the district court granted the motion "as to all counts in plaintiff's Complaint on the grounds aforesaid in said motion, memorandum and reply brief." J.A. 81.

On appeal, Keaton argues that he established a prima facie case of age discrimination and that he should not be estopped from pursuing his age discrimination and wrongful discharge claims based on his receipt of social security disability benefits. Keaton also argues that the ADEA does not preclude him from asserting his state-law claims and that he was not required to exhaust administrative remedies before bringing the WVHRA claim. Finally, Keaton argues (for the first time on appeal) that under 28 U.S.C. § 1445(c) the district court lacked jurisdiction over his § 23-5A-3 claim. Keaton does not argue in his appellate brief that he exhausted the administrative remedies for his ADEA claim, that he

3

presented sufficient evidence to establish that J.F. Allen's stated reason for the lay-off is pretextual, or that he established a prima facie case of discrimination under § 23-5A-3.

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." We review a district court's grant of summary judgment de novo, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party. Garofolo v. Donald B. Heslep Assocs., Inc., 405 F.3d 194, 198 (4th Cir. 2005).

Having carefully reviewed (with the benefit of oral argument) the parties' briefs, the joint appendix, and the applicable law, we find no reversible error in the district court's grant of summary judgment in favor of J.F. Allen. At a minimum, we conclude that Keaton's ADEA claim fails as a matter of law based on his failure to exhaust administrative remedies, and his age discrimination and public policy claims fail as a matter of law based on his failure to establish that J.F. Allen's stated reason for the lay-off (i.e., slow business) is pretextual. Additionally, we conclude that Keaton's § 23-5A-3 claim fails as a matter of law based on his

4

failure to establish a prima facie case.[1]

Accordingly, we affirm the judgment of the district court.[2]

AFFIRMED

---

[1]We note that because the district court relied on each of these grounds (among others) in granting summary judgment in favor of J.F. Allen, Keaton's failure to address them in his appellate brief constitutes an independent basis for us to affirm the summary judgment. See 11126 Baltimore Blvd., Inc. v. Prince George's County, Md., 58 F.3d 988, 993 n.7 (4th Cir. 1995) (en banc) (noting that an issue not addressed in a litigant's brief is deemed abandoned).

[2]We reject Keaton's contention that the district court lacked jurisdiction over his § 23-5A-3 claim. See Wiley v. U.P.S., Inc., 2001 Westlaw 431478 (4th Cir. 2001) (holding that a party seeking to invoke § 1445(c) must object to removal within thirty days after the filing of a notice of removal).